UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLIED SHIPYARD, INC., and                          CIVIL ACTION
THE GRAY INSURANCE COMPANY
                                                    NO. 20-640
VERSUS
                                                    SECTION M (5)
CHUBB EUROPEAN GROUP, SE

## ORDER

Before the Court is a motion by defendant Chubb European Group, SE ("Chubb") for

partial judgment on the pleadings, or alternatively, partial summary judgment seeking dismissal

of plaintiffs' bad faith claims for penalties and attorney's fees brought under La. R.S. 22:1892

and 22:1973.[1]  The motion was set for submission on January 13, 2022.[2]  Local Rule 7.5 of the

United States District Court for the Eastern District of Louisiana requires that a memorandum in

opposition to a motion be filed no later than eight days before the noticed submission date, which

deadline in this instance was January 5, 2022.  Plaintiffs Allied Shipyard, Inc. and The Gray

Insurance Company (collectively, "Plaintiffs"), which are represented by counsel, did not file an

opposition.  Accordingly, because the motion is unopposed and it appears to the Court that the

motion has merit,[3]

---

[1] R. Doc. 82.

[2] R. Doc. 82-5.

[3] Plaintiffs filed this suit against Chubb seeking coverage under a marine hull insurance policy for a sunken dry dock.  R. Doc. 1.  Plaintiffs included in the complaint a claim for bad faith penalties under La. R.S. 22:1892 and 22:1973 for failure to pay the insurance claim.  *Id.* at 8.  "In order to establish a cause of action for penalties and/or attorney fees and costs under [La. R.S. 22:1892, formerly] La. R.S. 22:658, a claimant must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."  *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009).  Similarly, La. R.S. 22:1973 authorizes an award of penalties when an insurer's failure to pay a claim within 60 days after receipt of satisfactory proof of loss is "arbitrary, capricious, or without probable cause."  La. R.S. 22:1973(B)(5).  The conduct prohibited by each statute is virtually identical with the primary difference between the statutes being a 30- or 60-day period for payment of claims. *Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000).  "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without reasonable or probable cause or excuse.'"  *La. Bag Co. v.*

1

IT IS ORDERED that Chubb's motion for partial judgment on the pleadings, or alternatively, partial summary judgment seeking dismissal of plaintiffs' bad faith claims for penalties and attorney's fees brought under La. R.S. 22:1892 and 22:1973 (R. Doc. 82) is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 6th day of January, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

*Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003)).  "[A]n insurer must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010).  "[W]hen there is a 'reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.'" *La. Bag*, 999 So. 2d at 1114 (quoting *Reed*, 857 So. 2d at 1021); *see also Kodrin v. State Farm Fire & Cas. Co.*, 314 F. App'x 671, 679 (5th Cir. 2009) ("An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss.").  There are no allegations in the complaint, nor is there any evidence in the record before the Court, that Chubb acted in bad faith by failing to pay the claim in a manner that was arbitrary, capricious, or without probable cause.  Thus, Chubb's motion has merit.